UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHNNIE HARRY BAILEY,

    Plaintiff,

    v.

JAMES DOUGLAS NURMI,

    Defendant.

Case No. 3:19-cv-07669-WHO

**ORDER DENYING WITHOUT PREJUDICE SECOND MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 23

Plaintiff John Harry Bailey alleges that defendant James Douglas Nurmi stole access to his company Thorium Cybersecurity's online accounts with Google, Amazon, GitHub, and HubSpot (the technology companies). I have issued a temporary restraining order (TRO) that enjoins Nurmi from accessing, manipulating, altering, or destroying the source code and other confidential information in those accounts. *See* Dkt. Nos. 12, 18. On January 7, 2020 I denied Bailey's motion for summary judgment without prejudice because he had not filed proof of service on Nurmi, who resides in Luxembourg. Dkt. No. 18. Bailey has since completed service in apparent compliance with the Hague Convention. *See* Dkt. No. 22. On January 8, 2020, I denied Bailey's request that I add the technology companies to the TRO and order them to secure his company's accounts because he had not named them as parties or served them. Dkt. No. 20.

On February 4, 2020, Bailey filed a second motion for summary judgment, requesting that I order the technology companies to "return control and ownership of said domains and accounts to their rightful owner the Plaintiff," order Nurmi to repay 50,000 Euros that he collected from an accelerator on behalf of Thorium, and order Nurmi to pay Thorium $250,000 in lost revenue and damages. Dkt. No. 23. As I have noted before, Bailey has neither named nor served the technology companies; I thus lack authority to order them to do anything. As far as the relief

Bailey seeks against Nurmi, Bailey will need to move for entry of default by the Clerk and then for a judgment of default by me.  To be entitled to default judgment, he will need to provide significant additional information about the facts and an accounting of the damages he allegedly suffered.  And he will not be able to proceed on Thorium's behalf because Thorium is not a named plaintiff; further, if it is a corporation it must be represented by counsel.

I referred Bailey for appointment of pro bono counsel on January 14, 2020, and the Federal Pro Bono Project continues to work to identify counsel.  *See* Dkt. No. 21.  I recommend that Bailey also keep looking for counsel and that he stay in contact with the attorneys he has spoken with from Federal Pro Bono Project.

**IT IS SO ORDERED.**

Dated: March 16, 2020



William H. Orrick
United States District Judge