James D. Nurmi *pro-se*
*41 Boulevard Dr. Charles Marx*
*Luxembourg, Luxembourg, 2130*

*Telephone: (650)-380-6814*
legal@qwe.cc

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| THORIUM CYBER SECURITY, LLC.,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DOUGLAS NURMI,<br><br>Defendant.<br><br>JAMES DOUGLAS NURMI,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>THORIUM CYBER SECURITY, LLC.<br><br>Counterclaim-Defendant. | Case No. 3:19-cv-07669-WHO<br><br>**DEFENDANT AND COUNTERCLAIM-PLAINTIFF JAMES DOUGLAS NURMI'S MOTION FOR PROTECTIVE ORDER** |

## Purposes and Scope

Plaintiff continues their fishing expedition looking for a cause of action. Plaintiff Thorium Cyber Security, on tacitly acknowledging that their initial case is meritless, still seeks to be rewarded for its fraud, perjury and the violence and extortion of its alleged chief executive officer John Bailey Jr., through burdensome, inappropriate, overly-broad and harassing demands that grossly exceed the scope of the matter before this court. Further, counsel for the enterprise has repeatedly made false statements in an attempt to bully, intimidate and harass Defendant into turning over materials inappropriately.

Defendant seeks a protective order to limit scope of discovery to that which is permitted within FRCP and the meritless claims they have elected to bring. Defendant also seeks to limit plaintiffs future discovery requests to those that the court deems appropriate, and other relief the court deems appropriate. Defendant also seeks to codify a protective order around specific documents that have been deemed confidential information and which Plaintiff has acknowledged was the property of Ambitrace Inc.

## Background

The case brought before the court falsely alleges that Defendant knowingly accessed property that Thorium Cyber Security LLC had knowingly and willfully sold to Ambitrace Inc. As the majority shareholder of Ambitrace Inc., and the interim CEO of Ambitrace Inc. (after the demotion of Mr. Bailey for his embezzlement and fraud, as well as his inappropriate and explicit requests for officers of the company to perform illegal and immoral acts for his sole benefit), this would be impossible. Moreover, Plaintiffs counsel's (false) assertions substantiate their belief that this is true - Defendant owns the intellectual property in question because Plaintiff sold it to

40 Ambitrace Inc, a partially owned subsidiary of Plaintiff.  Plaintiffs alleged chief executive,
41 Johnny Harry Bailey II (also believed to be CEO of Thorium Data LLC, a competing entity in
42 violation of Thorium Cyber Security's operating agreement) then proceeded to steal from it,
43 defraud it, and effectively bankrupt it, as he has done with his own enterprises - Meridian
44 Lucent, Gorilla Zen, as well as with likely countless employers such as Thin Air and Ambitrace
45 Inc in an effort to evade taxation and scrutiny from his spouse.  That this claim is the fiction that
46 Plaintiff has chosen to litigate is not the problem of the Defendant, and Plaintiff should not be
47 permitted to continue a fishing expedition.

48       They first made this demand as counsel was leaving, and the court refused to grant it
49 then, and it was pointed out by Defendants prior counsel that their request was unsupported by
50 law (Dkt 72).

51       They then demanded the same via discovery on May 22, 2021 (Ex. AH), believing that
52 they could abuse the process of discovery for the process of continuing harassment and abuse of
53 Defendant.

54       A meet and confer was held on June 10, 2021, and as noted then, their desire for ALL of
55 defendants personal account and transaction information over the last *four years* was both
56 unsupported by law, unreasonably broad, and frankly repugnant.

57       Letters from Plaintiff (Ex. AF) have now increasingly fictionalized their demands based
58 on materially false statements as demonstrated by evidence already turned over in discovery.

59       Now, into their third document request (July 2, 2021), they knowingly seek privileged
60 information in the form of witness communications and witness statements - a meet and confer
61 has been offered, but has not been scheduled, so we will leave this matter for a different filing,
62 and only note it as a pattern and practice of Plaintiff and Counsel.

63   In the same request, they also make a much more specific request for transactional
64 information to which defense objects on various grounds, but will as ever -- to well founded
65 requests -- be produced.

66                              **False Statements by Counsel**

67   In a letter dated July 2, 2021, Michael Lavine wrote "*Ambitrace Inc. sold Thorium's
68 Intellectual Property to you in your individual capacity—your bank records would confirm or
69 refute this.*"  This is a false statement on its face.  As (Ex. AL, AM) shows, Ambitrace Inc sold
70 Ambitrace Inc's intellectual property for resolution of its debt, accrued primarily due to the
71 acquisition of Thorium's intellectual property, theft by Mr. Bailey from Ambitrace Inc. (Ex. AK),
72 and material misrepresentations made by Thorium and Mr. Bailey about the use of invested
73 funds.  As no money changed hands at the time, there is no way a bank statement could confirm
74 or deny this statement.  Furthermore, even the allegations of Defendants termination are belied
75 by the fact that the "termination letter" he produced under oath attempted to fire me from
76 *Ambitrace Inc.*, and only on failing that did he acknowledge Ambitrace's ownership of same and
77 return its stolen property (Ex: AJ), while trying to begin his false claims (Ex: AN).  In fact the
78 police report produced by Plaintiff also fails to refer to Thorium - identifying the truth, that at the
79 same time as he was representing one set of facts to Defendant (Ex: AQ), under oath, he knew
80 that Ambitrace was the victim here, and Thorium is not the true owner of any of the intellectual
81 property, domains, accounts or services in dispute.

82   Ambitrace Inc., was effectively bankrupted by the malfeasance of its terminated serial
83 felon CEO (Ex AB, AC) who would make wild claims about how effective he was at developing
84 contacts, but during his probationary period in Luxembourg, secured at most *four* contacts in
85 nearly three months as evidenced by the CRM (Ex: AO).  Discovery has also shown that the vast

majority of the contacts and documents he "developed" were in fact taken from his prior employer, Thin Air. Given pattern and practice, it is believed that Bailey has continued this practice to his new enterprise Thorium Data LLC, and discovery relating to that fact pattern is expected to be sought - and a primary driver of the request for a protective order around the named documents.

Indeed, Nurmi and Ambitrace Inc., are just two victims of Johnny Harry Bailey Jr and the criminal enterprise Thorium Cyber Security Inc., who among others, defrauded members (Doll, Nurmi, and possibly Drago), contractors (Doll) and investors (Lupo) - and now seeks to engage in fraud upon the court.

Defendant has repeatedly offered and complied with requests for transactional and banking records *related to the matter at hand* - that is, investments in Thorium that were fraudulently misappropriated by Mr. Bailey, loans to Bailey that were never repaid, investments in Ambitrace Inc., that Mr Bailey subsequently embezzled, purchases of research materials that Thorium now attempts to steal, the formation of Ambitrace S.A. of which Mr. Bailey attempted to assert ownership of, and then subsequently denied ever knowing about it, and the sale of the intellectual property of Thorium Cyber Security which now asserts never happened.

Defendant finds their requests to be increasingly designed to harass and intimidate, and to continue to traumatize the victim of Mr. Baileys physical and mental abuse while alleging that Thorium -- also in its own right a victim of Mr. Bailey, is the party that deserves a reward for it and its alleged chief executives breach of contract, harassment, defamation, fraud, theft and perjury.

In the same letter, Mr. Lavine writes *"...the two documents marked NURMI002752 and NURMI002768 are "attorneys' eyes only" and should remain designated as such, because you*

*do not believe that Thorium's previous access rightfully extended to them."* As noted in my reply, Thorium was never licensed or permitted to see or possess those documents. While Mr. Bailey, with a pattern and practice of theft from employers (Ex: AK, Ex: AR) may have been permitted to see the document before his criminality came to light, Bailey is not a party to this case as asserted in the same letter *"...Jones Day does not represent any party in your state court litigation against Mr. Bailey"*. The confusion by counsel is almost understandable though - Bailey demonstrably didn't understand the distinction between himself as a person, and his role as an executive (Ex: AP), and defrauded a number of people over his life of crime (See: *Cases of potential interest*, as well as SF Superior CGC20588590). Thorium was a shareholder and not permitted access to any such materials. The documents were then the intellectual property of Ambitrace Inc. (Dkt 70, Ex P, T, Y), and were likewise sold to Defendant to resolve debts for costs incurred by Mr. Bailey's fraud and incompetence, such as outsourcing his basic duties to companies such as Mason Bower who produced said reports and data at the expense of Defendant (Dkt 70, Ex R, V).

Moreover, it appears that due to Bailey's unauthorized takings (Dkt 76, Ex AA Sec IV.5, IV.6, IV.7, IV.8) from the accounts of others including Defendant and Lupo and defrauding of contractors such as Doll, Bailey may have no standing at all - and that in fact, Defendant may be the unwitting majority owner of Plaintiff. This makes it impossible for Defendant to have knowingly accessed something that in any of the possible interpretations, he would have rights to do, and lacking judicial determination, *still believes he owns*.

### Seeking impermissible records

Plaintiff now requests materials in violation of FRCP - specifically communications and statements with witnesses in both this matter, and the case related to Mr. Bailey's and Thorium

132  Cyber Security LLC's theft, fraud and racketeering.  Plaintiff is free to communicate with
133  witnesses themselves and perform their own discovery, but their document requests belie the
134  truth - their cause of action is based on fraud and lies put under oath before this court, and they
135  desperately seek to find another.  The court should not grant favor to this.

136         Plaintiff has to date, issued zero subpoenas, and to Defendant's knowledge spoken to no
137  witnesses.  Further, Plaintiffs counsel aren't even sure who they can accept service for - during
138  the aforementioned meet-and-confer, the issue of subpoenas to three witnesses they had
139  previously stated as represented by themselves (the majority of which were employees of
140  Ambitrace Inc.), were suddenly unsure if they could accept service for subpoenas on their behalf
141  - a pattern of withdrawing knowledge or consent that is consistent throughout this case -
142  discovery hurts the Plaintiff, delay hurts the Defendant.

143         We have before the court a Plaintiff who has repeatedly contradicted themselves and
144  perjured themselves under oath (Dkt: 1, 2, 11, 13, 14, 15, 16, 17, 19, 23, 25, 27, 28, 30), a
145  company who's alleged chief executive officer can't demonstrate that he is any part of the
146  ownership structure of Thorium Cyber Security LLC when being asked for documents about its
147  ownership structure (Defense RFP Set I; Dkt 76 Ex. AA II.3,II.4,II.5; Ex: AF). Counsel for same
148  that doesn't know whom they can actually accept service on behalf of - for more than a month
149  (Ex. AF).  An alleged cyber-security company who doesn't know if they own their own email
150  accounts (Ex. AF, AI) requiring subpoenas to be issued just to find out who, if anyone owns it's
151  alleged intellectual property. A company who's own alleged chief executive officer has
152  abandoned the company (in breach of his contract with Thorium Cyber Security LLC, Dkt 76,
153  Ex. AA, II.9) to create a new venture (Thorium Data LLC (AD)) while simultaneously claiming
154  that Thorium Cyber Security LLC is a viable entity.  And a company that under judicial inquiry

couldn't actually quantify *any* actual damages because of said fraud and perjury (DKT: 20, 31; Ex. AE).

## Points of Authority

FRCP Rules: 26.b.1, 26.b.2.A, 26.b.2.C(i, ii, iii), 26.b.3.A, 26.b.4(A), 26.c.1(A,B,D,E,G), 26.c.3

USC: 18 USC § 4, 18 USC §875, 18 USC §1001, 18 USC 18 § 1514(b), USC §1621, 18 USC §1961, 22 USC §7102.

CACI Nos.: 303, 1501, 1600, 1900, 1906.

CA PC: 118, 240, 484, 487, 488, 496 503, 518(a).

CACC: 1709,1710, 1572, 1573.

ABA Rules: 1.14, 3.1, 3.2, 3.4 (a,b,c,d), 4.1(a,b), 8.3.a, 8.4(a,c,d,g).

## Cases of potential interest

CA, Santa Cruz F07672, 44-03429, S9-00440; CA, Santa Clara CC446536; CA, San Francisco CGC20588590.

## Relief Sought

- Defense requests that items 85, 86, 87 be deemed impermissibly broad and to be relieved of the burden of responding.
- Defense requests that all future plaintiff document requests be subject to prior approval by the court.
- Defense requests that court compel plaintiff to pre-emptively consent to production of responsive documents held by third parties to the extent that they or their alleged executives are the genuine owner of accounts at:
    - Github

- - - 1&1
    - Linked-in (For Bailey and known alias Kai Yamamoto)
    - Drop Box
    - Google
    - Slack
    - Facebook
    - Twitter
- Defense seeks a protective order on documents related to NURMI002752 through NURMI002788 preventing them from being shared with Plaintiff or its alleged executives in perpetuity, or in the event they have already been shared, punitive sanctions.
- Defense further seeks punitive sanctions for the abuse of Defendant and abuse of process.
- Defense finally seeks referrals to appropriate bodies, CLE classes and authorities relating to conduct of all parties involved in bringing and continuing this malicious prosecution.
- Defense requests this court to dismiss this case with prejudice - if in nearly two years of litigation they have failed to actively participate in any meaningful independent discovery, there is no "there" there.
- Defense requests initiator Bailey and continuer Thorium Cyber Security LLC be deemed vexatious litigants.
- Defense further requests a permanent restraining order against Bailey prohibiting communication being within one mile of Defendant or his property at any time.
- Finally, Defense requests a finding that this case is frivolous, without merit, and that attorneys fees be jointly borne by initiator, plaintiff, and plaintiffs counsel.
- And any other relief this court may deem just and appropriate.

| | |
|---|---|
| 204 | Respectfully, |
| 205 | /s/ James D. Nurmi |
| 206 | *Defrauded.* |