# JONES DAY

555 CALIFORNIA STREET, 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE: +1.415.626.3939 • FACSIMILE: +1.415.875.5700

Direct Number: (415) 875-5857
mlavine@jonesday.com

May 5, 2021          CONFIDENTIAL

VIA E-MAIL

James D. Nurmi
41 Boulevard Dr. Charles Marx
Luxembourg, Luxembourg 2130

Mr. Nurmi,

    We write to (1) follow-up regarding item 4 (Documents/Emails for thoriumcyber.com Google apps account) addressed in our correspondence dated April 28, 2021 and (2) to respond to your email dated May 1, 2021.

    Item 4 (Documents/Emails for thoriumcyber.com Google apps account)

    In your April 23, 2021 email you contended, with respect to the thoriumcyber.com Google Apps account (referred to herein as the "Google Apps Account"), that "*Mr Bailey and Thorium received billing notifications, updated the billing information, possibly as Mr Drago, updated his personal details, and had access before during and after the initiation of this litigation*." Your April 23, 2021 correspondence also identified emails that you claim support your theory (the "Emails"). Thorium Cyber Security LLC ("Thorium") and Mr. Bailey have confirmed that (1) they do not have access to, or control of, the Google Apps Account or the email accounts associated with jbailey@thoriumcyber.com or drago@thoriumcyber.com, (2) they did not have such access or control during the dates implicated by the Emails, and (3) they did not take any actions that, to their knowledge, could have triggered the Emails.

    Response to Defendant's May 1, 2021 Communication

    Item 2 of your email requests confirmation that we received your production due on April 30, 2021. We confirm that it was received on April 30, 2021.

    Item 3 of your email requests consent from Thorium in connection with your issuance of a subpoena to Slack. You represented in your April 23 email that you own the thoriumcyber.com DNS domain, and your May 1 email states that "[a] subpoena under my own authority can be sent." Under these circumstances, we see no basis for an assertion that Thorium's consent is required for Slack's compliance with the subpoena. To the extent that Slack instructs you otherwise, please let us know.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

James D. Nurmi
May 5, 2021
Page 2

Item 4B of your email seeks the basis for our request that you name your associate who, as you stated, "*pulled*" a "*set of emails*" from "*a repository that match automated messages from Google to accounts associated with the ThoriumCyber.com domain*" and "*is closely involved with creating work product for this case*." Based on your statements, it appears that your associate has (or has access to) a repository of discoverable information. Pursuant to FRCP 26, "a party must, *without awaiting a discovery request*, provide to the other parties: (i) *the name and, if known, the address and telephone number of each individual likely to have discoverable information*—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Thus, if your associate is subject to FRCP 26 but is not currently listed on your initial disclosures, you must supplement your initial disclosures to reference them. Thorium also plans to serve additional discovery on Defendant in light of this new information regarding your associate and the repository identified in your email. Thorium may also seek the deposition of this associate once identified.

Item 4C of your email states that "*Documents produced are believed to be sufficient, additional material and details are believed to be discoverable by subpoena to vendors. Nothing provided in 2789-2840 are interpreted to be within the scope of your suggested document requests, but were formally produced as courtesy*." Is it Defendant's position that it has completed its production of all documents responsive to each of Thorium's document requests?

Item 5 of your email asks "*Given production to date, what is thoriums basis for initiating and continuing this litigation*?" Thorium's basis for initiating this case is set forth in the pleadings of this case, and we are not aware of any documents produced to date that preclude Thorium from continuing this case. Indeed, discovery is ongoing, and may provide additional bases. However, to the extent that you believe that any documents you have produced are case dispositive, please identify them by Bates number.

Sincerely,

JONES DAY

/s/ *Michael A. Lavine*

Michael A. Lavine