# IP Sale Agreement

WHEREAS, Seller is the owner of certain Intellectual Property identified in detail in Schedule A and Schedule B attached to this Agreement; and

WHEREAS, Buyer, wishes to irrevocably acquire the entire rights, title, and interest in the identified Intellectual Property and exploit such property.

NOW, the parties intent to be legally bound and agree as follows:

## 1. DEFINITIONS

**"Technology"** means any technology owned by Seller and sold to the Buyer and without limitation, all Intellectual property Rights and Technical Information.

**"Intellectual Property Rights"** means all Patents, Trade Marks, Copyrights, System Designs, and other intellectual property rights whether registered or not, owned by Seller and sold to the Buyer, relating to the Intellectual Property described in Schedule A.

**"Documents"** includes all information fixed in any tangible medium of expression in whatever form or format, and copies thereof.

**"Technical Information"** means all know-how and related technical knowledge of the Seller, relating to the Intellectual Property described in Schedule A including, without limitation:

(a) All trade secrets and other proprietary know-how, public information, non-proprietary know-how and invention disclosures;

(b) Any information of a technical or business nature regardless of its form;

(c) All documented research, developmental, demonstration or engineering work;

(d) All information that can be or is used to define a design or process or procedure, produce, support or operate material and equipment;

(e) All other drawings, blueprints, patterns, plans, flow charts, equipment, parts lists, software and procedures, specifications, formulas, designs, technical data, descriptions, related instructions, manuals, records and procedures.

## 2. SALE AND ASSIGNMENT OF INTELLECTUAL PROPERTY

Seller hereby irrevocably sells and transfers to Buyer all rights, title, and interest (including but not limited to, all registration rights, all rights to prepare derivative works, all goodwill and all other rights), in and to the Intellectual Property.

## 3. CONSIDERATION

In consideration for the sale of rights and assignment set forth in Article 2, Buyer shall forgive Seller all properly assigned debts and outstanding expenses Buyer holds against the Seller (currently in excess of 100,000 USD).

## 4. REPRESENTATIONS AND WARRANTIES

Seller represents and warrants to Buyer:

- (a) Seller has the right, power and authority to enter into this Agreement;

- (b) Seller is the exclusive owners of all right, title and interest in the Technology free of any security interest, charge or encumbrance;

- (c) Seller warrants that all documents, computer records, disks and other materials of any nature of kind containing the Technology or any portion thereof have been turned over to Buyer, and that Seller will not retain the Technology, or any portion thereof, in any form whatsoever after the closing of the within transaction except as specifically permitted hereunder;

- (d) The Intellectual Property does not infringe the rights of any person or entity;

- (e) There are no claims, pending or threatened, with respect to Seller's rights in the Intellectual Property;

- (f) This Agreement is valid, binding and enforceable in accordance with its terms;

- (g) Seller is not subject to any agreement, judgment or order inconsistent with the terms of this Agreement.

## 5. ENTIRE AGREEMENT

This Agreement, contains the entire understanding and agreement between the parties hereto with respect to its subject matter and supersedes any prior or contemporaneous written or oral agreements, representations or warranties between them respecting the subject matter hereof.

## 6. AMENDMENT

This Agreement may be amended only by a writing signed by both parties.

## 7. SEVERABILITY

If any term, provision, covenant or condition of this Agreement, or the application thereof to any person, place or circumstance, shall be held by a court of competent jurisdiction to be invalid, unenforceable or void, the remainder of this Agreement and such term, provision, covenant or condition as applied to other persons, places and circumstances shall remain in full force and effect.

## 8. NO WAIVER

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this Agreement shall be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach, failure, right, or remedy, whether or not similar, nor shall any waiver constitute a continuing waiver unless the writing so specifies.

## 9. AGREEMENT TO PERFORM NECESSARY ACTS

Buyer agrees to perform any further acts and execute and deliver any documents that may be reasonably necessary to carry out the provisions of this Agreement.

## 10. REPRESENTATION ON AUTHORITY OF PARTIES/SIGNATORIES

Each person signing this Agreement represents and warrants that he or she is duly authorized and has legal capacity to execute and deliver this Agreement. Each party represents and warrants to the other that the execution and delivery of the Agreement and the performance of such party's obligations hereunder have been duly authorized and that the Agreement is a valid and legal agreement binding on such party and enforceable in accordance with its terms.

## 11. HEADINGS

The headings in this Agreement are included for convenience only and shall neither affect the construction or interpretation of any provision in this Agreement nor affect any of the rights or obligations of the parties to this Agreement.

## 13. SURVIVAL

Except as otherwise expressly provided in this Agreement, representations, warranties, and covenants contained in this Agreement, or in any instrument, certificate, exhibit, or other writing intended by the parties to be a part of this Agreement, shall survive for [NUMBER] years after the date of this Agreement.

## 14. AMBIGUITIES

Each party and its counsel have participated fully in the review and revision of this Agreement. Any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not apply in interpreting this Agreement. The language in this Agreement shall be interpreted as to its fair meaning and not strictly for or against any party.

## 15. GOVERNING LAW

This Agreement shall be construed in accordance with, and all actions arising hereunder shall be governed by, the laws of San Francisco, California..

IN WITNESS WHEREOF, the parties have executed this Agreement on October 14th, 2019, in Luxembourg, Luxembourg with full knowledge of its content and significance and intending to be legally bound by the terms hereof.

| SELLER | BUYER |
|---|---|
| _____ | _____ |
| Authorized Signature | Authorized Signature |

IP Sale Agreement, Page 3/6

NURMI001024

_____                                 _____
James Nurmi, President/CEO Ambitrace Inc.               James Nurmi, Individual and Lender.

IP Sale Agreement, Page 4/6

## SCHEDULE A
## THE PRODUCTS

All software, ownership rights, domains, websites, trademarks, patents, copyrights related to the Ambitrace product line, all documentation produced or purchased by Ambitrace Inc., and all derivative works.

## SCHEDULE B
## TRADEMARKS AND COPYRIGHTS

Ambitrace as trademark

Ambitrace software platform and various code registered in Github and various platforms including but not limited to designs, logos, and related entities.

11/13 (11/15)
11:00; Board Meeting Agenda
- Purchase of Thorium
- IP Agreement
- [Financing Options Risk v Reward]
- Commission Schedules]
- Projections]
- Marketing
- Vesting ][i.L for employees
- Stipend for epecs
- Schedule next
- Adjourn

adv board →

(~12/15 ish)

11:24

↙

200

NURMI001028