1  James D. Nurmi (pro-se)

2  41 Boulevard Dr. Charles Marx

3  Luxembourg, Luxembourg, 2130

4  **ecf@qwe.cc**

7  IN THE UNITED STATES DISTRICT COURT FOR THE

9  NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

THORIUM CYBER SECURITY, LLC.,

Plaintiff,

v.

JAMES DOUGLAS NURMI,

Defendant.

Case No. 3:19-cv-07669-WHO

**DEFENDANT JAMES DOUGLAS NURMI'S REPLY IN SUPPORT OF FIRST MOTION FOR TERMINATING SANCTIONS FOR SPOLIATION.**

JAMES DOUGLAS NURMI,

Plaintiff,

v.

THORIUM CYBER SECURITY, LLC.,

Defendant.

**Introduction**

Like a child with their hand caught in the cookie jar, it was clearly the imaginary friend who stole the cookies.  Similarly, plaintiff subscribes to a similar philosophy – in a case founded in misstatements and perjury, plaintiff now argues that in no way are they responsible for the loss of material data in a trial they initiated.  What Plaintiff has omitted from their brief is that shortly after my filing regarding the Google account, Slack Technologies produced, and I produced to plaintiff, conversations between the plaintiff's executive and myself for more than a year of data.  Every single claim they have made has been undermined – and their response brief dances around that fact.  Some of those facts will be introduced here as they go to the pattern and practice of Plaintiff.

Much as the case to date – the claims are simply not credible.  From the very first filing to this last one, plaintiff's case only works if you omit simple facts:  That Ambitrace Inc., was founded at the direction of the CEO of Thorium CyberSecurity LLC (Ex: A).  That Thorium CyberSecurity LLC knowingly and willfully engaged in a sale and transfer of all intellectual property related to the Ambitrace product line (Ex: B).  That on behalf of Thorium CyberSecurity LLC, John Bailey accepted consideration for that sale (Ex: C).  That the destroyed materials are relevant to this case (Ex: C). That Mr. Bailey entered into a loan agreement secured against his interest in Ambitrace Inc., and defaulted on same.  That Mr. Bailey has made materially false statements repeatedly to this court (Dkt 1,2… et al), and now only seeks to prolong this case to the extent that it allows his criminal actions to evade the statute of limitations for perjury and fraud.

**Dishonesty of Plaintiff**

The facts of this case are simple: John Bailey lied to investors;  John Bailey lied to potential customers; John Bailey lied to vendors and lenders.  And now he has lied to this court to continue the very same temper tantrums that caused him to be an unfit Chief Executive at Ambitrace Inc.  While defense refrains from posting the banking information obtained by subpoena in this docket – Thorium has been used

as a slush fund for years, taking "investment" from people, and so far as can be determined – primarily paying John's rent. Even his FOP paperwork appears to have been false – he couldn't even be *honest when filing a simple form with the court.*

Had Plaintiff or counsel for same engaged in *any* meaningful discovery during this case, they would have had the same knowledge that this court now has: That this case only exists because Mr. Bailey is a story-teller – who will tell anyone any story he can if he thinks he can con them out of money. They would have obtained the emails for the thoriumcyber.com google account that they have known since *April 2019* were in danger of being deleted. They would have known that defendant could not possibly have controlled the account because he was not an administrator. They would have known that they could have sought any of three members of Thorium CyberSecurity LLC to obtain access to that data. They would have known they could access materials in the possession of Slack Technologies, and they would have known this case was meritless.

But they did not – because they already knew. Quite simply, plaintiff has, with less than three months remaining in the discovery phase of this case, issued no subpoenas, taken no depositions – and even failed to schedule a threatened one with Defendant; At the same time, Counsel for Plaintiff has attempted to obstruct taking depositions of Mr. Bailey's co-conspirators that they at one time allege were represented by them, and now assert they are *still* unsure if they represent them.

So while defense works diligently to obtain evidence – plaintiff has struggled mightily to hide it, obstructing reasonable discovery requests and then been repeatedly embarrassed when the truth comes to light – such as Mr. Bailey's obvious theft of materials from his prior employers (Ex: D – note, this was material from the *valuable contact list* Mr. Baily discussed – ThinAir being his former employer, whom he stole it from)  (Ex: E – hard to see, but note the logo at the very top of the first page – it's ThinAir's. Compare and contrast the entire document with Ex: F)

**Terminating Sanctions are appropriate.**

Spoliation is just the *latest* crime committed by Mr. Bailey and Thorium Cyber Security – during this trial alone, Thorium and Bailey on its behalf have made materially false representations, attempted to engage in obstruction of discovery, and been willfully negligent in every stage of the case. That spoliation – first suggested in April, and now demonstrable in September – with Thorium taking **no** action to avoid it is belies the simple truth of things: There was likely even *more* evidence of criminality to be discovered.

Defense prays this farce of a case be brought to its end – to the extent Thorium has been harmed, it was solely by its own alleged CEO. To the extent the case had any merit, Thorium would pursue damages from Mr. Bailey for misappropriation of funds and engaging in criminal acts throughout its existence. That it doesn't belies the truth: Much as Mr. Bailey intimated in 2018 – Thorium CyberSecurity LLC was a worthless failed entity, too conflagrated in misrepresentations and lost paperwork to be a functional entity – this case was brought strictly from his imagination and demonstrates clearly one obvious truth. Mr. Bailey was a criminal and a fraud, unfit to hold any position of authority – and Thorium CyberSecurity LLC is but a shell – destroyed by Mr. Bailey and filled only with the lies he has put forth in this court.

Defense seeks termination with prejudice of this and all related matters. Defense further seeks compensation for all legal costs, as well as extreme punitive damages. Defense requests all penalties be assigned to counsel for plaintiff – had they engaged in one honest hour of discovery prior to taking this case, this court, and Defendant would have had two years of its time back. Instead, like everyone else involved – they wanted to believe a story. That at every stage of this case has been undermined by one constant truth: Mr. Bailey is a story-teller – and the stories area invariably fictional – and it is for that negligence Defense seeks damages for all parties involved in initiating and continuing this litigation.

/s/ James D. Nurmi

Defendant