UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THORIUM CYBER SECURITY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JAMES NURMI, <br><br> Defendant. | Case No. 3:19-cv-07669-WHO <br><br> **ORDER DENYING MOTION FOR SANCTIONS, VACATING HEARING** <br><br> Re: Dkt. No. 87 |

Defendant James Nurmi, who is not represented, moves for sanctions for spoliation of evidence against plaintiff Thorium Cyber Security, LLC ("Thorium"). Dkt. No. 87. His motion is DENIED and the hearing on it is VACATED. This Order assumes familiarity with the case so far.

District courts may impose sanctions for spoliation of evidence under their inherent authority and Federal Rule of Civil Procedure 37. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Willful spoliation of evidence occurs when a party destroys documents and there was "some notice that the documents were potentially relevant to the litigation before they were destroyed." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (internal quotation marks omitted).

Nurmi has not adequately demonstrated that Thorium willfully despoiled evidence. His argument is essentially that Thorium permitted a Google account—with the domain thoriumcyber.com—to lapse, causing the loss of documents that were stored on it. Thorium, however, has submitted a sworn declaration from John Bailey, its CEO and one of the ones whom Nurmi accuses of being able to access the account. Bailey states under oath that, in 2019, Nurmi locked him out of that account (along with all of Thorium's online accounts). Dkt. No. 90-3 ¶¶ 9–11. He avers that he has not been able to regain access to the Google account since. *Id* ¶ 11.

Similarly, Thorium represents it has no access. Dkt. No. 90 at 1, 7.

That "lock out" was one of the precipitating events of this case. Nurmi's contrary evidence is that Bailey and two others who are members of Thorium are listed as administrators on the account. Dkt. No. 87 at 4. Nurmi also indicates that the recovery email and phone numbers for "jbailey@thoriumcyber.com" changed in October 2020. *Id.* These assertions, however, run straight into the sworn statements that, regardless of what other access he has, Bailey does not have control of the account in question. Additionally, it is odd that Nurmi would have this information—and the account notifications he says that he received that warned him the account would close—if he did not have access, at least to some extent, to the account.

Fundamentally, this issue is, at best, part of the trial on the merits of the primary dispute in this case: who properly owns what. It may turn on Nurmi and Bailey's credibility. In any event, there is not sufficient evidence to levy sanctions for spoliation at this point.

**IT IS SO ORDERED.**

Dated: September 28, 2021

William H. Orrick
United States District Judge